IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATIE CARMICHAEL,

   Plaintiff,

-vs-

COMENITY BANK,

   Defendant.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, KATIE CARMICHAEL, sues the Defendant, COMENITY BANK, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant COMENITY BANK in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims.

3. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

### PARTIES

4. Plaintiff, KATIE CARMICHAEL, was and is the "called party" with respect to the calls placed to her cellular telephone number, (xxx) xxx-1555, as further described herein.

5. Plaintiff, KATIE CARMICHAEL, is and was at all material times a natural person over the age of eighteen (18), who resides in Pinellas County, Florida.

6. Defendant COMENITY BANK, (hereafter "COMENITY") is and was at all material times a financial institution organized under the laws of the state of Delaware, and authorized to transact business in the state of Florida. COMENITY maintains its principal place of business at One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendant COMENITY sought to collect an alleged debt from Plaintiff that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

8. In approximately August of 2017, Defendant COMENTIY began a campaign of autodialed calls ("robocalls") to Plaintiff's cellular telephone number, (xxx) xxx-1555, in an effort to collect the above described debt from an individual named "Jameka" who is unknown to the Plaintiff.

9. Plaintiff told COMENTIY that the phone number did not belong to "Jemeka" and Plaintiff doesn't owe COMENITY any money, and demanded that COMENITY stop calling.

10. Despite Plaintiff's unambiguous demand to stop calling, Defendant COMENITY proceeded undeterred in its campaign of robocalls to Plaintiff's aforementioned cellular telephone

number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

11. Defendant COMENITY intentionally harassed and abused Plaintiff on numerous occasions by and through its agents and representatives, including but not limited to initiating several robocalls to Plaintiff's cellular telephone during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

12. From approximately August 1, 2017 to the present, Defendant COMENITY placed in excess of one hundred (100) autodialed calls to Plaintiff's cellular telephone number, or such number as will be determined upon examination of Defendant's business records and Plaintiff's cellular telephone records from Plaintiff's cellular telephone carrier.

13. The telephone calls at issue were placed by Defendant COMENITY using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers (hereafter "ATDS" or "autodialer"). Specifically, the dialing system used by Defendant consists of software and equipment used in tandem, including a server component which has the built-in function of generating random and/or sequential number tables and automatically dialing said numbers. It therefore has the requisite *capacity* to perform the statutory functions of an ATDS.

14. That Defendant COMENITY used an "automatic telephone dialing system" to place the calls at issue is further evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a long pause of unnatural silence and/or an audible click/beep prior to a

live representative joining the line. These are telltale signs of a predictive dialer and an automated telephone dialing system.

15. Defendant COMENITY initiated each of the calls at issue to Plaintiff's cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

16. Defendant COMENITY initiated the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's instruction to cease calling, thereby revoking any "prior express consent" Defendant mistakenly believed it had.

17. Additionally, none of the telephone calls at issue were placed by Defendant COMENITY to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

18. Each of Defendant's unwanted robocalls occupied Plaintiff's cellular telephone line, even when the call was not answered, rendering the line unavailable for Plaintiff to place outbound calls and creating a material safety risk by making the line unavailable for emergency use. Plaintiff considered Defendant's unwanted robocalls to be intrusive, annoying and an invasion of her privacy.

19. Defendant COMENITY consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

20. Defendant COMENITY has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

21. Defendant COMENITY willfully and/or knowingly violated the TCPA with respect to Plaintiff.

22. Despite actual knowledge of its wrongdoing, Defendant COMENITY continued the campaign of harassment and abuse.

23. Defendant COMENITY'S corporate policy is structured to continue to call individuals like the Plaintiff despite these individuals' requests to stop calling.

24. Defendant COMENITY'S corporate policy provided no means for the Plaintiff to have the phone number removed from the call list.

25. Defendant COMENITY followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

26. Defendant COMENITY has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

27. Defendant COMENITY has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## <u>VIOLATION OF THE TCPA AGAINST COMENITY</u>

28. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

29. None of the calls at issue were placed by Defendant COMENITY to Plaintiff's aforementionedcellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30. Furthermore, Plaintiff revoked any "prior express consent" Defendant COMENITY may have mistakenly believed it had by verbally instructing Defendant on numerous occasions to stop placing calls to Plaintiff's aforementioned cellular telephone number.

31. Additionally, none of the calls at issue were placed by Defendant COMENITY to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

32. Defendant COMENITY willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

33. The TCPA provides Plaintiff with a private right of action against Defendant COMENITY for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant COMENITY for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA AGAINST COMENITY

34. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

35. At all times material to this action Defendant COMENITY was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

36. Defendant COMENITY engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of Plaintiff's family with such frequency as can reasonably be expected to harass the Plaintiff.

37. Defendant COMENITY engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

38. Defendant COMENITY engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

39. The actions of Defendant COMENITY have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional

pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant COMENITY for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 1700
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Counsel for Plaintiff


and

**CONSUMER LAW ATTORNEYS CORP.**

/s/ *Young Kim*
**Young Kim, Esq., FBN 122202**
2727 Ulmerton Rd., Ste. 270
Clearwater, FL 33762
Phone: (877) 241-2200
ykim@consumerlawattorneys.com
litigation@consumerlawattorneys.com
Co-Counsel for Plaintiff

8